BIRD *versus* BIRD.

In an action pertaining to the realty, an office copy of the plaintiff's title deed is not admissible in evidence on proof that the original was in the hands of the attorney for the defendant. To authorize the use of such copy the original must be proved to have been lost.

ON EXCEPTIONS from *Nisi Prius*, TENNEY, J., presiding. TRESPASS, *quare clausum*.

The suit was first brought before a magistrate, and on a plea of title, was transferred to the higher Court.

The plaintiff offered an office copy of a deed of the *locus in quo*, from one Samuel Bird to himself, dated May 20, 1819, and recorded June 21, 1831.

The grantor, one of the subscribing witnesses, and the magistrate, before whom it was acknowledged, were dead. The other subscribing witness lived out of the State.

The copy was objected to; plaintiff made affidavit, that he deposited the original in the registry of deeds at the time

it was recorded. That it was lost, and that by diligent search he had been unable to find it, and from circumstances had reason to believe and did believe, that it had gone into possession of one Lewis, who was defendant's attorney in this case.

Plaintiff then contended, that he might use the copy, unless defendants produced the original, or introduced some evidence that it was not in their possession; and further, that a deed in all things in due form, being on the public records for more than twenty years, a presumption of its genuineness arose sufficient to authorize the use of the copy after proof of its loss, without any other evidence of its genuineness, unless evidence was offered against it, sufficient to rebut that presumption.

The Judge refused to admit the copy.

If the ruling was erroneous the cause to stand for trial, otherwise the nonsuit, which was submitted to, was to stand.

*Dickerson,* for defendants.

*N. Abbott,* for plaintiff.

APPLETON, J. — When an original deed made to the party, is in existence and can be produced, there can be no reason for resorting to secondary and inferior proof of its contents. The original should always be forthcoming. The plaintiff claims exemption from the obligation of producing the original, because the deed under which he claims has, as he alleges, been lost. In his affidavit he states it to have been left in the office of the registry of deeds, and after remaining there some time, to have been withdrawn therefrom by F. A. Lewis, Esq., the attorney of the defendants, in whose hands he supposes it now to be. The attorney has not been called, and no reason has been given for not calling him. If called, and the deed is in his possession, we are bound to presume that he would truly disclose the fact. The plaintiff has indicated where the deed may be found, and has failed to exhaust the means of information, the ex-

istence of which he has disclosed. The copy of the deed was rightly excluded. *Nonsuit confirmed.*

*Exceptions overruled.*